1  Babak Semnar (SBN 224890)
   SEMNAR LAW FIRM, INC.
2  400 S. Melrose Dr., Suite 209
   Vista, CA 92081
3  Telephone: (951) 293-4187; Fax: (888) 819-8230

4  Jared M. Hartman, Esq. (SBN 254860)
   HARTMAN LAW OFFICE, INC.
5  400 S. Melrose Dr., Suite 209
   Vista, CA 92081
6  Telephone (951) 234-0881; Fax (888) 819-8230

7  Attorneys for Plaintiffs
   GORDON N. HALL
8  ROWENA C. HALL

FILED
2014 JAN 30 PM 2:02
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

## U.S. DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

ED CV 14 - 00189 RGK PJW

GORDON N. HALL, and individual, and
ROWENA C. HALL, an individual,

    Plaintiffs,

vs.

CAPITAL ONE BANK, a National Association,

    Defendant.

Case No.:

COMPLAINT FOR VIOLATIONS OF:
1. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,
2. FEDERAL FAIR CREDIT REPORTING ACT

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE CALIFORNIA SUPERIOR COURT JUDGE:

    Complainants, GORDON N. HALL and ROWENA C. HALL, both individuals, by and through their attorneys of record, BABAK SEMNAR of SEMNAR LAW FIRM, INC. and JARED M. HARTMAN of HARTMAN LAW OFFICE, INC., hereby complains and alleges as follows.

### INTRODUCTION

    1.    GORDON N. HALL and ROWENA C. HALL, (Plaintiffs), through Plaintiffs'

1
**Complaint for Damages**

attorneys, brings this action to challenge the actions of Defendant CAPITAL ONE BANK (hereinafter "CAPITAL ONE") in reporting inaccurate information on Plaintiff's credit report to the credit reporting agencies and for failing to properly investigate written notices of dispute received from the credit reporting agencies as well as from Plaintiff.

2. This action arises out of Defendant's violations of the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRAA") and the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA").

3. In California Civil Code § 1785.1(a)-(g), the California Legislature made the following findings and purpose in creating the California CCRAA:

(a) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, and general reputation of consumers.

(b) Consumer credit reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(c) There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(d) It is the purpose of this title to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

(e) The Legislature hereby intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California.

(f) The extension of credit is a privilege and not a right. Nothing in this title shall preclude a creditor from denying credit to any applicant providing such denial is based on factors not inconsistent with present law.

(g) Any clauses in contracts which prohibit any action required by this title are not in the public interest and shall be considered unenforceable. This shall not invalidate the other terms of such a contract.

4. In 15 U.S.C. § 1681, the U.S. Legislature made the following findings and purpose in

creating the Federal FCRA:

(a) Accuracy and fairness of credit reporting. The Congress makes the following findings:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness [creditworthiness], credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(b) Reasonable procedures. It is the purpose of this title [15 USCS §§ 1681 et seq.] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title [15 USCS §§ 1681 et seq.].

5. Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

7. This action arises out of Defendant's violations of the Federal FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p; and the State of California CCRAA, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

8. Because Defendants all conduct business within the State of California, personal jurisdiction is established.

9. Because all tortious conduct occurred while Plaintiffs resided in the County of Riverside, venue properly lies in this court.

## PARTIES & DEFINITIONS

10. Plaintiffs are natural persons whose permanent residence is in the City of Temecula, State of California.

11. Defendant CAPITAL ONE regularly does business in the State of California and maintains an agent for service of process within the City of Sacramento, State of California.

12. Plaintiffs are natural persons, and are therefore "consumers" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA and 15 U.S.C. § 1681a(c) of the Federal FCRA.

13. The causes of action herein pertain to Plaintiffs "consumer credit reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

14. Defendant CAPITAL ONE is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA and 15 U.S.C. § 1681a(b) of the Federal FCRA.

## FACTUAL ALLEGATIONS

15. At all times relevant to the Defendant's tortuous conduct, Plaintiffs were individuals

1 | residing within the City of Temecula, State of California.

2 | 16. At all times relevant, Defendant conducted business within the City of Temecula, State
3 | of California.

4 | 17. A substantial part of the events or omissions alleged in this Complaint occurred within
5 | this judicial district, and witnesses are present within this venue.

6 | 18. Starting sometime in 2005, Plaintiffs opened and maintained a joint credit card account
7 | with Defendant CAPITAL ONE that eventually fell into default.

8 | 19. Sometime in January of 2012, Defendant CAPITAL ONE sent a 1099-C form to
9 | Plaintiff GORDON HALL, reflecting that they had cancelled the debt on December 31, 2011 in the
10 | amount of $14,060.92.

11 | 20. Sometime in June of 2013, Plaintiffs learned that on June 2, 2013, Defendant
12 | CAPITAL ONE had misreported to TransUnion, Equifax, and Experian—"consumer reporting
13 | agencies" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d)
14 | of the California CCRA—that the debt was charged off instead of cancelled, was charged off in the
15 | amount of $16,307.00, and the amount past due was $18,675.00, thereby making it appear as if
16 | Plaintiffs had defaulted on a larger debt than what was actually cancelled.

17 | 21. Plaintiff GORDON HALL thereafter sent a dispute letter dated July 6, 2013 to Equifax
18 | and Experian and gave a very detailed description of how the account should be reported as cancelled
19 | instead of charged off, and the amounts allegedly charged off and allegedly past due were inaccurate
20 | as reported by Defendant CAPITAL ONE. Plaintiff GORDON HALL also attached a copy of the
21 | 1099-C to these dispute letters as proof of the inaccurate amounts reported by Defendant, and also
22 | explained that the dispute letter was sent on behalf of himself and his wife (Plaintiff ROWENA
23 | HALL), as the inaccurate information was reported on both of their consumer credit reports.

24 | 22. By letter dated July 13, 2013, Defendant CAPITAL ONE acknowledged to Plaintiff
25 |

5
**Complaint for Damages**

GORDON HALL that they had received the dispute he had lodged through "one of the credit bureaus" but claimed that the information sent to them was insufficient for them to understand the dispute.

23. Plaintiffs also discovered sometime in July of 2013 that on July 16, 2013, Defendant CAPITAL ONE had again misreported to Equifax, Experian, and Transunion that the debt was charged off instead of cancelled, was charged off in the amount of $16,307.00, and the amount past due was $18,675.00, thereby making it appear as if Plaintiffs had defaulted on a larger debt than what was actually cancelled.

24. Upon receiving Defendant CAPITAL ONE's rejection letter dated July 13, 2013, on or about July 19, 2013, Plaintiff GORDON HALL promptly called Defendant and spoke to an agent named "Rhonda" and explained the details to her of why the information reported was inaccurate. Rhonda merely referred Plaintiff GORDON HALL to her supervisor Brian.

25. Upon being transferred to Rhonda's supervisor Brian, Plaintiff GORDON HALL again explained the details of why the information reported was inaccurate. Brian agreed that the information was not reported accurately and promised to look into the matter to resolve the issue, but the proper employees for him to contact had already left for the day.

26. On or about July 22, 2013, Plaintiff GORDON HALL called Brian to follow up as to whether he took any steps to resolve the matter as he had promised on or about July 19, 2013. Plaintiff was directed by Brian to an agent of Defendant's dispute department.

27. Upon speaking to the dispute department agent named Crystal, Plaintiff GORDON HALL reiterated for the fourth time the details of why the information being reported was inaccurate, but this time was told by the agent that nothing would be changed and the information would continue to be reported as it had been. Plaintiff GORDON HALL inquired of Crystal what she understood the term "cancelled" to mean upon the 1099-C form, and she responded that the debt no longer exists. Therefore, the information being reported to the consumer credit reporting agencies should be reported

1 | as "closed" instead of "charged off".

2 | 28. When Plaintiff GORDON HALL inquired of Crystal to direct him to Defendant's corporate office, she refused to do so and refused to give their phone number. When Plaintiff GORDON HALL then inquired of Crystal to direct him to Defendant's legal department, Crystal placed him on hold until her supervisor came on the line.

29. Plaintiff GORDON HALL then spoke to Crystal's supervisor Michelle, who agreed that the debt was forgiven, but she refused to give him any phone numbers for Defendant's legal department and also maintained that the information being reported would not be changed.

30. Despite Plaintiff GORDON HALL having provided a very detailed description of the inaccurate reportings by Defendant CAPITAL ONE in his written dispute letters to Experian and Equifax and via telephone to four different agents of Defendant, including attaching a copy of the 1099-C to his dispute letters, Defendant CAPITAL ONE has continued to report the inaccurate information upon both Plaintiffs consumer credit reports every month, including January of 2014.

31. Plaintiffs are informed and believe that every monthly reporting by Defendant CAPITAL ONE upon their consumer credit reports have been inaccurate starting from the date the debt was cancelled in December of 2011.

32. Plaintiffs are further informed and believe that each of the monthly reportings by Defendant CAPITAL ONE from July 2013 until the current time has resulted in Defendant knowingly and willfully furnishing inaccurate information upon both Plaintiffs' consumer credit reports, because Plaintiff GORDON HALL on multiple occasions gave very detailed descriptions of how the information was inaccurate.

33. Plaintiffs are informed and believe that Defendant CAPITAL ONE failed to conduct a reasonable investigation into Plaintiff GORDON HALL's written disputes to Experian and Equifax, failed to correct or delete the information, failed to consider all relevant information supplied by

7
**Complaint for Damages**

Plaintiff in his many disputes, and failed to employ and follow reasonable procedures to prevent such inaccurate reportings, because Defendant CAPIAL ONE sent Plaintiff GORDON HALL a letter in July of 2013 acknowledging that they had received notice of the disputes but claimed the information furnished to them was insufficient and multiple agents of Defendant have bluntly told Plaintiff that the information will not be changed.

34. Plaintiffs are informed and believe that the derogatory item upon their consumer credit reports have never been updated by Defendant CAPITAL ONE with the notation that the derogatory information is "in dispute", and that this failure to so update the derogatory item has been done willfully and knowingly because Plaintiff GORDON HALL on multiple occasions gave very detailed descriptions to Defendant of how the information was inaccurate.

35. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to the furnisher of information to credit reporting agencies, pursuant to Calif. Civ. Code § 1785.25 of the California CCRA:

(a) A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

36. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to the furnisher of information to credit reporting agencies, pursuant to 15 U.S.C. § 1681s-2(b):

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 15 USCS § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 15 USCS § 1681i(a)(2);

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
 (i) modify that item of information;
 (ii) delete that item of information; or
 (iii) permanently block the reporting of that item of information.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 15 USCS § 1681i(a)(1) within which the consumer reporting agency is required to complete actions required by that section regarding that information.

## FIRST CAUSE OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.25(a)

37. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs as if fully stated herein.

38. As the furnisher of information to credit reporting agencies, Defendant CAPITAL ONE is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

39. Because Defendant CAPITAL ONE has repeatedly misrepresented to the credit reporting agencies every month beginning from the date the debt was cancelled in December of 2011 and continuing to today the false information that the debt was charged off instead of cancelled and the amount of the charge off and the amount alleged past due are both higher than the amount actually cancelled, Defendant CAPITAL ONE has thereby repeatedly violated its obligations under Calif. Civ. Code § 1785.25(a).

**Complaint for Damages**

40. Plaintiffs are informed and believe that Defendant CAPITAL ONE knowingly and willfully violated Calif. Civ. Code § 1785.25(a) every month beginning July of 2013 and continuing until the present time, because Plaintiff GORDON HALL repeatedly gave to Defendant very detailed descriptions of how the information was inaccurate but was told by multiple agents of Defendant that the information would not be changed at all.

## SECOND CAUSE OF ACTION
## FEDERAL FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)

41. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

42. As the furnisher of information to credit reporting agencies, Defendant CAPITAL ONE is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the Federal FCRA:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

43. Plaintiffs are informed and believe that that Defendant CAPITAL ONE was notified

that Plaintiff GORDON HALL had disputed the inaccurate information upon his credit report with the credit reporting agencies Experian and Equifax, because Defendant sent a letter in July of 2013 to Plaintiff GORDON HALL acknowledging that they had received the notice of disputes from a credit reporting agency.

44. Plaintiffs are informed and believe that Defendant CAPITAL ONE has failed to conduct a reasonable investigation into Plaintiff GORDON HALL's written disputes to Experian and Equifax, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his many disputes, and failed to employ and follow reasonable procedures to prevent such inaccurate reportings, as required by 15 U.S.C. § 1681s-2(b)(1)(A)-(E), because Plaintiff GORDON HALL's dispute letters included a copy of the 1099-C that was delivered to him showing the exact date the debt was cancelled and the amount that was cancelled, and because Defendant CAPITAL ONE's letter in July of 2013 claimed that they have not received sufficient information for the dispute, which means they informed Plaintiff GORDON HALL that they were not conducting an investigation at all.

45. Plaintiffs are informed and believe that Defendant CAPITAL ONE has failed to update the derogatory item with the notation that the item is "in dispute", as required by 15 U.S.C. § 1681s-2(b)(1)(A) and *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1163-1164, because every monthly update after Plaintiff GORDON HALL's written disputes to Experian and Equifax failed to result in the item being updated by Defendant CAPITAL ONE with the notation that the item is "in dispute".

46. Plaintiffs are informed and believe that Defendant CAPITAL ONE has knowingly and wilfully failed to comply with 15 U.S.C. § 1681s-2(b)(1)(A)-(E) every month beginning July of 2013 and continuing until the present time, because Plaintiff GORDON HALL has provided Defendant on multiple occasions with very detailed information as to how the derogatory item is not accurate and

---

11
**Complaint for Damages**

1 | how it should be accurately reported, yet Defendant has on multiple occasions bluntly told Plaintiff
2 | GORDON HALL that the information will not be changed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant CAPITAL ONE, and Plaintiffs be awarded damages from Defendant, as follows:

**As to the First Cause of Action:**

1. Actual damages, as will be proven at trial for Defendant CAPITAL ONE's negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1);

2. Any actual damages as will be proven at trial, plus punitive damages of $100-$5,000 for every willful violation of Calif. Civ. Code § 1785.25(a) by Defendant CAPITAL ONE, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

3. Injunctive relief to prohibit Defendant CAPITAL ONE from engaging in future violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(b);

4. Any reasonable attorney's fees and costs to maintain the instant action, pursuant to Calif. Civ. Code § 1785.31(d).

**As to the Second Cause of Action:**

1. The greater of actual damages or statutory damages of $100-$1,000, as will be proven at trial, for each of Defendant CAPITAL ONE's willful violations of the Federal Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681n(a)(1);

2. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2) for Defendant CAPITAL ONE's willful violations of the Federal Fair Credit Reporting Act;

3. Actual damages, as will be proven at trial for Defendant CAPITAL ONE's negligent violations of the Federal Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681o(a)(1);

4. Injunctive relief to prohibit Defendant CAPITAL ONE from engaging in future

1 | violations;

2 |     5.    Any reasonable attorney's fees and costs to maintain the instant action, pursuant to 15

3 | U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

4 | DATED: 1/27/2014

                                                  JARED M. HARTMAN, ESQ.
5 |                                                   Attorney for Plaintiff.

6

7 |                               **TRIAL BY JURY**

8 | Pursuant to the Seventh Amendment to the Constitution of the United States of America,

9 | Plaintiff is entitled to, and demands, a trial by jury.

10 | DATED: 1/27/2014

                                                  JARED M. HARTMAN, ESQ.
11 |                                                   Attorney for Plaintiff.